## SPEED v. KIRBY.

## KIRBY v. SPEED.

(Court of Appeals of District of Columbia. Submitted January 18, 1921. Decided February 7, 1921.)

Nos. 1376, 1378.

1. **Patents ⬅106(2)—Senior application held to disclose air valve required by one count.**

   In interference proceeding, relating to carbureters for internal combustion engines, the senior application *held* to disclose a valve answering to the call of a count for an air valve controlling the admission of air to the mixing chamber.

2. **Patents ⬅106(2)—Senior party entitled to broad construction of claim in issue.**

   The senior applicant is entitled under the law to a construction of the claim in issue in interference proceedings as broad as the language will permit.

3. **Patents ⬅106(2)—Senior application held not to disclose "nozzle" called for by two counts.**

   Ports disclosed by the senior application, through which the fluid fuel ran by gravity into the mixing chamber of a carbureter, *held* not to disclose a nozzle for discharging fuel into the chamber called for by the

counts, since a nozzle is defined as a short tube, usually tapering, forming the vent of a hose or a pipe, and it is straining the language too much to apply the term to a hole through which the fluid flows by gravity from a chamber.

Appeal from the Commissioner of Patents.

Interference proceeding between James A. Speed and Charles H. Kirby. From a decision of the Commissioner of Patents, awarding one of the three counts in issue to Speed and the other two counts to Kirby, both parties appeal. Affirmed.

J. F. Robb, H. C. Robb, and H. S. Hill, all of Washington, D. C., for appellant.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., and Frank Parker Davis, of Chicago, Ill., for appellee.

SMYTH, Chief Justice. This interference relates to carbureters for internal combustion engines. There are three counts, as follows:

1. In a carbureter, the combination, with the casing containing the mixing chamber, of an automatic air valve controlling the admission of air to said mixing chamber, co-operating means variably restricting the flow of the liquid fuel, and a dashpot for retarding the opening movement of said valve, permitting the unresisted closing thereof.

2. In a carbureter, the combination, with a casing containing the mixing chamber, of an automatic valve controlling the admission of air to said chamber, a nozzle for discharging liquid fuel into said chamber, a metering pin co-operating with said automatic valve for variably restricting the flow of liquid to increase the same upon the opening of said valve, a dashpot for resisting the sudden opening of said valve, and a valve-controlled by-pass for said dashpot permitting the unresisted closing of said valve.

3. In a carbureter, the combination, with a casing containing the mixing chamber, of an automatic valve controlling the admission of air to said chamber, a nozzle for discharging liquid fuel into said chamber, a piston connected with said valve, a cylinder co-operating with said piston to form a dashpot for resisting the sudden opening of said valve, and a valve-controlled by-pass for said dashpot permitting the unresisted closing of said valve.

Speed was allowed by the Commissioner count 1, and Kirby counts 2 and 3. Both parties appeal.

[1, 2] The Examiner of Interferences gave the three counts to Speed; so did the Examiners in Chief; but, as just stated, the Commissioner modified their findings. With respect to count 1, if Speed has an "air value controlling the admission of air to" the "mixing chamber," then the patent granted to him on an application filed in December, 1911, reads on it, and, as that date is prior to any date established by Kirby, Speed must prevail. It seems to us beyond a doubt that the valve 24 answers to the call of the patent. It controls the admission of the air to the mixing chamber. Speed is entitled under the law to a construction of the claim in issue as broad as the language will permit. Kirby v. Clements, 44 App. D. C. 12; Miel v. Young, 29 App. D. C. 481. Giving him this, we think it must be said that the Patent Office was right in awarding him count 1.

[3] Concerning counts 2 and 3, the solution of the question presented turns on whether or not Speed in his patent disclosed a "nozzle for discharging liquid fuel into" the mixing "chamber." The Ex-

aminer of Interferences and the Board of Examiners held that he had, but the Commissioner refused to approve this finding. A nozzle is defined by Webster's International Dictionary as "a short tube, usually tapering, forming the vent of a hose or a pipe." Speed has two ports, which he says are nozzles. Through them the fluid runs by gravity. "To call a hole through which the gas flows by gravity from a chamber a 'nozzle' is straining language too much," says the Commissioner, and we agree with him. Kirby's pipe F, on the other hand, is described by him as a nozzle, and meets the definition from Webster's Dictionary just quoted.

Believing that the Commissioner is right, his decision is affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.