## WHITE v. COTTRELL.

(Court of Appeals of District of Columbia. Submitted January 13, 1921. Decided February 7, 1921.)

### No. 1381.

1. Patents ⊜106(2)—Interference claims to be read in light of application from which taken.

So far as the issue claims in an interference proceeding are taken from one of the parties, they must be read in the light of his application.

2. Patents ⊜106(2)—"Gripper," as used in interference claims, defined.

A "gripper," as used in issue claims in an interference proceeding involving sheet-feeding mechanism for printing presses, is a device which takes hold of or grips, and indicates something capable of a clamping action, and a party who has nothing of this character is not entitled to the claims calling for grippers.

Appeal from a Decision of the Commissioner of Patents.

Interference proceeding in the Patent Office between Joseph White and Charles P. Cottrell. From a decision granting him priority as to only part of the claims, White appeals. Reversed in part and affirmed in part.

L. T. Greist and William N. Cromwell, both of Chicago, Ill., for appellant.

Walter F. Rogers, of Washington, D. C., for appellee.

SMYTH, Chief Justice. White contends that he is entitled to priority over Cottrell in an interference relating to improvements in mechanism for feeding material in sheet form to a printing press. The issue originally involved 36 claims, 3 of which were awarded by the Commissioner to White, and the remainder to Cottrell. White appeals as to the claims denied him. Claims 1, 2, 9 and 36 are illustrative of the others.

1. "A sheet feeding mechanism for printing presses comprising endless means traveling in a partly circular and partly noncircular path for feeding the sheets to the press and devices carried by the sheet feeding means for bringing the sheets into both end and side register with respect to the printing form while they are in motion.

2. A sheet feeding mechanism for printing presses comprising endless means traveling in a partly circular and partly noncircular path for feeding the sheets to the press and devices carried by the sheet feeding means for bringing the sheets into both end and side register with respect to the printing form while they are in motion, and maintaining control of the sheets until they are brought under the control of the press.

9. A sheet feeding mechanism for printing presses comprising an endless carrier traveling in a partly circular and partly noncircular path having both a sheet stop for end registering the sheet and side grippers for engaging the side edges of the sheet.

36. In a sheet handling and register mechanism, a preliminary feeding means traveling faster than the impression cylinder, moving front stops against which the sheet is registered by the preliminary feeding means, a second feeding means taking the sheet from the preliminary feeding means and traveling at the speed of the impression cylinder and means for moving the second feeding means sidewise to side register the sheet.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

White's right to make the claims is the gravamen of the case, for there is no question as to his priority as to the subject-matter if he can make the claims. The Law Examiner held with White as to all the claims. The Examiner of Interferences agreed with him. The Examiners in Chief reversed the Examiner of Interferences as to claims 9 to 26, inclusive, and affirmed him as to the remainder. The First Assistant Commissioner affirmed the Examiners in Chief as to claims 9 to 26 and 33, 34 and 35, and reversed them as to the others.

[1, 2] The issue claims are largely taken from Cottrell, and, so far as they are, must be read in the light of his application. Podlesak v. McInnerney, 26 App. D. C. 399; Sobey v. Holsclaw, 28 App. D. C. 65. Claims 9 to 26, inclusive, call for grippers. A gripper is a device which takes hold of—grips. It indicates something capable of a clamping action. The Examiners in Chief analyze the testimony quite fully and point out that White has nothing which responds to this element. His gages, they say, are not grippers in a strict sense, or in the sense in which Cottrell employs that term in his application. We think they are right. We also agree with them in awarding to White claims 1 to 8, inclusive, and 27 to 36, inclusive. These claims refer to "endless means" or "endless sheet carrier * * * for feeding the sheets to the press," or devices carried thereby "for side registering the sheets" and "maintaining control of the sheets until they are brought under the control of the press," or "laterally adjustable means" of such character. The Examiners in Chief held that White's intermediate mechanism may be termed a feeding means or carrier, in the same sense as Cottrell's. Other reasons are adduced by them. We think their reasoning meets every point raised by Cottrell. We concur in it.

Therefore the decision of the Commissioner of Patents is reversed as to claims 1 to 8, inclusive, 27 to 32, inclusive, and 36, and is affirmed as to the other claims of the issue.

Modified.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the hearing and determination of this appeal in the place of Mr. Justice ROBB.