## BRENZINGER v. THORNBURGH.

(Court of Appeals of District of Columbia. Decided February 5, 1923.)

No. 1537.

1. **Patents 101—Counts in interference should be given broadest interpretation they will bear.**

    In interference proceeding, the terms of a claim which forms a count in issue should be given the broadest interpretation which they will bear.

2. **Patents 106(2)—Party awarded three counts held entitled to make two other counts awarded to adverse party.**

    In interference proceeding involving five counts, where no appeal was taken from the decision of the Examiners in Chief awarding three of the counts to one applicant, but awarding the other two counts to the adverse party, on the ground that the prior inventor was not entitled to make them, *held*, that all five counts involved the same elements, so that the prior inventor was as much entitled to make the two counts awarded to his adversary as to make those which had been awarded to him by a decision which had become final.

3. **Patents 113(6)—Ruling of Office on claims as to which no appeal was taken cannot be disregarded.**

    Where no appeal was taken from the ruling of the Office tribunals on three of the five claims in issue, that ruling cannot be disregarded on the appeal from the ruling awarding the other two claims to the adverse party.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Interference proceeding between Julius Brenzinger and Ivan D. Thornburgh. From a decision of the Commissioner of Patents, awarding all of the counts in issue to Thornburgh, Brenzinger appeals. Affirmed.

Theodore K. Bryant, of Washington, D. C., and Fred H. Bowersock, of New York City, for appellant.

H. N. Low, of Washington, D. C., and John C. Carpenter, of Chicago, Ill., for appellee.

Before SMYTH, Chief Justice, and ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. In an interference proceeding between Julius Brenzinger and Ivan D. Thornburgh, the Commissioner of Patents decided in favor of Thornburgh.

It appears that, in packing perishable products in tin cans closed and sealed by the double-seaming process, it has been found necessary to interpose a suitable packing between the layers of metal which are intercurled and compressed to form the double seam, in order to insure an air-tight joint. The invention in controversy relates to improvements in paper-lining machines for the covers of such cans. There were five counts in the interference, but there are only two of them now in controversy; i. e., claims 1 and 5, which are as follows:

1. In a machine of the character described, the combination, with a source of pulp supply, of means for abstracting a formed portion of the pulp and depositing the same bodily around the peripheral edge only of a can cover.

5. In a machine of the character described, the combination, with means for advancing flanged can covers to be lined, of a source of pulp mixture, means for repeatedly removing a portion of the mixture in form corresponding to that of the flange of the can cover and depositing it bodily around the edge only of the said cover and leaving thereon a green gasket liner.

The question to be decided is whether Thornburgh has a right to make the claims. The law examiner held that he had. Brenzinger, taking the position that this was wrong, refused to take testimony, and in consequence the Examiner of Interferences awarded priority to Thornburgh. On appeal, the Examiners in Chief affirmed the decision of the Examiner of Interferences as to all the counts of the issue save 1 and 5. These counts they awarded to Brenzinger. The Assistant Commissioner reversed their decision, and gave the last-named counts to Thornburgh. In doing so he said that Brenzinger admitted that abstracting or removing occurred in Thornburgh's structure, but contended there were no means for the purpose. Commenting on this, the Assistant Commissioner said that the abstracting may be allowed rather than forced, but, if it happens, some means must be present, and added that, since counts 2 and 4 call for means for removing, and as Thornburgh has those counts, he should have counts 1 and 5.

[1, 2] We think the case turns upon whether or not counts 2, 3, and 4 pertain to the same invention as counts 1 and 5. If they do, then since they were awarded to Thornburgh he should also have counts 1 and 5. It is the law that the terms of a claim should be given the

broadest interpretation which they will bear. Miel v. Young, 29 App. D. C. 481. Applying this rule to the case before us, must we not say that the Assistant Commissioner was right? Count 1 calls for means for abstracting a formed portion of the pulp and depositing the same bodily, etc. Count 5 provides for repeatedly removing a portion of the pulp mixture in form corresponding to that of the flange of a can cover and depositing it bodily around the edge. Count 2 calls for means for repeatedly removing a portion of the pulp mixture and transferring the same to a can cover in form for depositing it, and count 4 requires means for repeatedly removing a portion of the pulp supply to supply the same in annular form and depositing it bodily around the peripheral edge, etc. All of these claims call for means for removing a portion of the pulp and depositing it. True, they do not say a "formed portion"; but they are broad enough to cover a portion whether formed or not. It was decided that Thornburgh was entitled to counts 2, 3 and 4. This was on the theory that they read upon his structure. We have no right to revise that decision in this proceeding because no appeal was prosecuted from it.

[3] Assuming, as we must, the decision to be correct, it would be unreasonable to award to Brenzinger counts 1 and 5 since they cover the same invention as 2, 3, and 4. Brenzinger contends that if counts 2, 3, and 4 be given a meaning sufficiently broad to cover the means called for by counts 1 and 5, they would not read upon Thornburgh's structure, but the Patent Office has held that they do read upon it and we are not at liberty to disregard that holding, since no appeal was taken from it by Brenzinger, even though we should be of the opinion that his contention is right.

Finding no error in the ruling of the Commissioner, we affirm his decision.

Affirmed.