## SWAIN v. BOOTH.

(Court of Appeals of District of Columbia.   Submitted November 15, 1923. Decided January 7, 1924.)

### No. 1597.

1. **Patents ⊜⟹113(7)—Appellant from harmonious decisions of officers in Patent Office has heavy burden to overcome.**

Where the decisions of the Examiner of Interferences and the Examiners in Chief are in harmony with the Commissioner's decision, appellant has a heavy burden to overcome to succeed on appeal.

2. **Patents ⊜⟹106(2)—Interference claim to be read in light of application from which taken.**

Where issue count in interference proceeding was taken from application of one who was for a time a party to the interference, it must be read in the light of his specification.

3. **Patents ⊜⟹91(4)—Drawing held to show conception and disclosure of invention concerning improved vehicle wheel.**

A drawing of an improved vehicle wheel, showing that the bottom section of the felly has pressed outward therefrom recesses or sockets for the reception of spoke ends, which recesses are in a broad sense concave or hollow, in that the metal is pressed out of its original plane, and, while the bottom of the socket is a plane, the side or edge wall surrounding it is curved, *held* to disclose an invention concerning an improved vehicle wheel, and to entitle drawer to the date thereof for conception and disclosure.

4. **Patents ⊜⟹101—Claim in issue in interference given broad interpretation.**

In an interference proceeding, broad interpretation of the claim in issue is required.

5. **Costs ⊜⟹256(4)—Each party taxed one-half of cost of certiorari, bringing up more than was necessary of another's application.**

Where appellee in an interference proceeding caused a writ of certiorari to be issued to bring up another's application, which was necessary for decision, but more than was needed was called for by the writ and returned, on affirmance of the decree, each party will be taxed with one-half of the cost of the writ.

Appeal from the Commissioner of Patents.

Interference proceeding between Joseph G. Swain and William N. Booth. From a decision awarding priority to the latter, the former appeals. Affirmed.

C. L. Sturtevant and E. G. Mason, both of Washington, D. C., and A. L. Ely, of Akron, Ohio, for appellant.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. Swain appeals from a decision of the Commissioner of Patents awarding priority to Booth in an interference proceeding relative to an invention which concerns an improved vehicle wheel. The invention is described in one count, which reads as follows:

> The new article of manufacture, comprising a semi-wood wheel for motor vehicles, and composed of a body of wooden spokes radiating from a common center, and each having an integral shaped outer end, in combination with a wrought metal endless fixed rim, which presents a demountable rim supporting raised back flange, said fixed rim having at points below said back flange as many pressed-out, closed, concave sockets as there are spoke ends, said sockets fitting the shaped ends of respective wooden spokes and sealing the end grain thereof, and said rim being circumferentially tensioned upon, and holding under compression, the body of spokes, as a whole.

[1] In harmony with the Commissioner's decision is that of the Examiners in Chief and of the Examiner of Interferences, and consequently Swain has a heavy burden to overcome, if he would succeed in his appeal. Nicoll v. Hoey, 48 App. D. C. 245, and cases cited.

[2] The issue count was taken from the application of one Baker, who for a time was a party to the interference, and must be read in the light of his specification. Funk v. Whitely, 25 App. D. C. 313; Bourn v. Hill, 27 App. D. C. 291, 294; Sobey v. Holsclaw, 28 App. D. C. 65; White v. Cottrell, 50 App. D. C. 269, 270 Fed. 877.

[3] For conception and disclosure Booth relies on a drawing marked Exhibit 1, which was made March 24, 1917. It is claimed by Swain that this drawing does not disclose the invention. The drawing shows that the bottom section of the felly has pressed outward therefrom shallow recesses or sockets for the reception of the spoke ends. These recesses are in a broad sense concave or hollow, in that the metal is pressed out of its original plane. While the bottom of the socket is a plane, the side or edge wall surrounding it is curved, due to the method of forming it. The count merely calls for "closed, concave sockets." The degree of concavity is not defined in the Baker application, which shows the bottom of the socket varying very slightly from a plane; the edge wall curvature being the same as in Booth's exhibit.

[4] It is said in behalf of Swain that the exhibit does not show the structure of sockets called for, and dictionary definitions of the word "concave" are resorted to for the purpose of supporting this assumption. One of the definitions given by the Standard Dictionary for the word "concave" is "hollow," and Century Dictionary defines it as "pre-

senting a hollow or incurvature." The depression shown by Booth in the exhibit we are discussing is a hollow, and this satisfies the definitions of the dictionaries. Perhaps the word would admit of a narrower construction, which would be in accord with Swain's contention; but we are not permitted to adopt it. On the contrary, a broad interpretation of the claim in issue is what the law requires. Speed v. Kirby, 50 App. D. C. 263, 270 Fed. 699, 700; Brenzinger v. Thornburgh, 52 App. D. C. 298, 286 Fed. 637. Booth is sufficiently corroborated as to the preparation of the exhibit and the date. His exhibit, we believe, discloses the invention. Therefore he is entitled to March 24, 1917, for conception and disclosure. He filed his application on April 30, 1917, and thus obtained a constructive reduction to practice. There is no claim that he was lacking in diligence. Swain did not conceive until April 17, 1917, and consequently must be held to have entered the field after Booth.

There is much in the record in support of Swain's claim that he was not negligent in failing to reduce to practice before June, 1919; but, in view of what we have just said with respect to the dates to which Booth is entitled, it is not necessary for us to consider this.

[5] As we have said, the count of the interference was taken from the application of one Baker. This application did not appear in the record here, and a writ of certiorari was issued at the instance of Swain to bring up it and other parts from the record below. The specification and claims of the Baker application were necessary to enable the court to properly interpret the count of the issue, but more than was needed was called for by the writ and returned. In view of this, we think that each party should be taxed with one-half of the costs on the writ; and it is so ordered.

Believing that the Commissioner was right in awarding priority to Booth, we affirm his decision.

Affirmed.